IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

DAVID MILLS )
)
v. ) NO. 1:10-0015
) Campbell/Griffin
C.C.A, et al. )

# SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b), all pretrial preparation in this action shall take place according to the following schedule.

## I. PRELIMINARY MATTERS

On April 26, 2010, Defendants Bass, Boyd, Brantly, C.C.A., Cogswell, Hendrix, Killingsworth, Kilzer, Leibach, Lindamood, McKintosh, Pool, Rilley, Strickland, and Ulmer filed their answer (Docket Entry No. 39). Defendants Ray, Reuban, and T.D.O.C. have filed a motion to dismiss (Docket Entry No. 46).

Summons were issued to Defendant Clark at SCCC, the address provided by the Plaintiff. However, apparently because Defendant Clark is no longer employed at SCCC, the Marshal was provided another address (presumably his home address). See Docket Entry Nos. 16-27, at 2. Service was attempted at the new address, but the summons and complaint were returned as "unclaimed." See Docket Entry No. 41.

The Plaintiff is responsible for providing the Clerk of Court with an address at which Defendant Clark can be served. Under the circumstances, however, the time for the Plaintiff to provide such an address is extended to August 11, 2010. If the Plaintiff has not provided the Clerk

1

of Court with an address at which Defendant Clark can be served by August 11, 2010, the Plaintiff's claims against Defendant Clark will be subject to dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**II. GENERAL COURT RULES AND PROCEDURES**

Any filing made with the Court must comply with Rule 5 of the Federal Rules of Civil Procedure, which requires that a copy of any filing made with the Court be sent to the opposing parties or their counsel and that the filing contain a certification stating that a copy has been sent, to whom, at what address, and on what date. Any filing which does not comply with this requirement will be returned and/or stricken from the record.

Each party is responsible for making and obtaining copies of any documents or filings sent to the Court. It is not the Court's responsibility to provide free copies of any documents to the parties. If a party desires to obtain a copy of a document in the official court file, the party should contact the clerk's office, with the docket entry number of the document if possible, about obtaining copies. The cost of copying is .50¢ per page.

The parties are required to keep both the Court and the opposing party or its counsel informed of their current addresses. The plaintiff's failure to keep the Court informed of his current address may result in a recommendation that this action be dismissed for failure to prosecute and for failure to comply with the Court's order.

**III. PRETRIAL DEADLINES**

### Amendment of Pleadings

The parties shall have until **August 19, 2010,** to move to amend the pleadings.

### Discovery

All discovery shall be completed by **September 20, 2010**. By this, the Court means that all written discovery should be served far enough before the discovery completion date, i.e. at least thirty days prior to the discovery completion deadline, so that responses or objections to any written discovery can be made prior to the completion deadline. For example, serving written discovery upon an opposing party a few days prior to the discovery completion deadline does not comply with this scheduling order and may result in discovery being denied to the requesting party.

Any party seeking to serve written discovery upon another party which would result in responses being served after the discovery completion deadline must obtain leave of the Court to serve untimely discovery requests.

Written discovery should be sent to the opposing party and should not be filed with the Court, nor should a copy of the written discovery be sent to the Court unless it is filed as an attachment to a motion. A Court order is not required for a party to engage in discovery and discovery is not stayed upon the filing of any motion unless specifically ordered by the Court.

### Discovery Motions

All discovery motions must be filed by **September 20, 2010**. All discovery motions must comply with the applicable requirements contained in Rules 26-37 of the Federal Rules of Civil Procedure and Rule 37.01 of the Local Rules of Court.

**Dispositive Motions**

All dispositive motions to dismiss and for summary judgment shall be filed by **October 6, 2010.**

**Other Motions**

Any other motions (other than in limine or related to trial matters) must be filed by **October 6, 2010**.

**Evidentiary Hearing**

A non-jury evidentiary hearing will commence at **9:00 a.m., Wednesday, November 10, 2010,** in Courtroom No. 764, U.S. Courthouse, 801 Broadway, Nashville, Tennessee, after which the Magistrate Judge will make a Report and Recommendation to the District Judge regarding whether plaintiff's claims are meritorious and should be presented to a jury.

Each party shall also submit a pre-hearing statement one week prior to the date of the hearing, which shall succinctly state the issues and contentions of the parties.

Plaintiff is hereby advised that, while he will be able to testify in his own behalf at said hearing, he also has the right to call other witnesses to support his case.

If he wants any witnesses to testify at the hearing, the plaintiff is hereby ORDERED to inform the Court at least thirty (30) days prior to the hearing date what witnesses other than himself, if any, he desires to call at the hearing. Plaintiff shall specify each witness by name, address or place of employment or both, and articulate what the anticipated testimony of each witness will be. Plaintiff is advised that subpoenas will issue only as to those potential witnesses who are alleged to advance his claim for relief. The calling of frivolous or unnecessary witnesses will not be tolerated,

and if it is determined at the hearing that plaintiff misled the Court as to a witnesses' expected testimony, the costs of producing said witness may be placed on plaintiff.

Plaintiff is warned that his failure to comply with this Order may result in the denial of any request to produce witnesses made on the date of the hearing.

An Order to Produce plaintiff for the hearing, as well as subpoenas for the witnesses plaintiff has requested and for whom the Court has determined will advance his case, will be entered at the appropriate time.

It is so ORDERED.

                                                JULIET GRIFFIN
                                                United States Magistrate Judge