IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

DAVID MILLS                )
    v.                     )    NO. 1:10-0015
                           )
WILLIAM SMITH, et al.      )

# **O R D E R**

Presently pending is the motion for summary judgment filed by Defendants Lindamood, Strickland, Pool, Cogswell, Hendrix, Killingsworth, Bass, Leibach, Brantly, Kilzer, Boyd, Ulmer, McKintosh, and Corrections Corporation of America (filed October 6, 2010; Docket Entry No. 72). The Plaintiff shall have until November 15, 2010, to file a response to the motion.

Rule 56(c) of the Federal Rules of Civil Procedure mandates summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Once the movant properly shows the absence of a genuine issue for trial, the adverse party "may not rely merely on allegations or denials in its own pleadings; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e).

The plaintiff is hereby advised that if he wishes to controvert the proof of facts submitted by the defendants, he must submit proof in the form required by Fed.R.Civ.P.56(e), i.e., affidavits, answers to interrogatories, copies of documents.

The plaintiff is also advised that if he wishes to controvert the proof of facts submitted by the defendants, he must comply with Local Rule 56.01(c) and must file, in addition to and with the

plaintiff's response to the motion for summary judgment, a response to the defendants' statement of undisputed material facts. If the plaintiff disputes any of the facts listed by the defendants, the plaintiff must provide specific citations to the record for any such allegation of disputed fact. The plaintiff may include responses to each fact listed on the same copy of the defendants' statement of undisputed material facts with which he was served, and then file that document together with the plaintiff's response. If the plaintiff needs more space to respond to the defendants' statement of undisputed material facts, the plaintiff may attach additional pages thereto.

The plaintiff is further advised that failure to respond to the motion for summary judgment may result in a Recommendation to the District Judge that the claims be dismissed pursuant to Rule 56 of the Federal Rules of Civil Procedure.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge