IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

DAVID MILLS )
)
v. ) NO. 1:10-0015
)
C.C.A., et al. )

TO: Honorable Todd J. Campbell, Chief District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered March 11, 2010 (Docket Entry No. 3), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, for entry of a scheduling order, decision on all pretrial, nondispositive motions, and a report and recommendation on any dispositive motions.

Presently pending before the Court is the Plaintiff's motion for a preliminary injunction (Docket Entry No. 65), to which Defendants have filed a response in opposition (Docket Entry No. 66). For the reasons set out below, the Court recommends that the motion be denied.

## I. BACKGROUND

The Plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") confined at the South Central Correctional Complex ("SCCC"). He filed this action pro se and in forma pauperis on March 9, 2010, seeking relief under 42 U.S.C. § 1983 based upon claims of unconstitutional conditions of confinement and inadequate medical care. He names nineteen (19)

defendants. A scheduling order (Docket Entry No. 53) has been entered, and there are currently two dispositive motions pending before the Court. See Docket Entry Nos. 46 and 72.

In his motion for an injunction, the Plaintiff seeks an order "prohibiting the defendants of this penal institute from any acts of retaliation, as to retrieving or taking from my person or personal property, anything dealing with this case, including any documents or policies." See Docket Entry No. 65.

Preliminary injunctions are governed by Rule 65(a) of the Federal Rules of Civil Procedure and are considered preventive, prohibitory, or protective measures taken pending resolution on the merits. See Clemons v. Board of Educ., 228 F.2d 853, 856 (6th Cir. 1956). Preliminary injunctions are considered extraordinary relief, the issuance of which requires great caution, deliberation and sound discretion. Leary v. Daeschner, 228 F.3d 729, 736-39 (6th Cir. 2000); Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union, 471 F.2d 872, 876 (6th Cir. 1972).

In determining whether to grant the Plaintiff's request for a preliminary injunction, this Court must consider: (1) the Plaintiff's likelihood of prevailing on the merits of the case; (2) whether the Plaintiff will suffer irreparable injury if the injunction is not granted; (3) whether granting the injunction will cause potential harm to others; and (4) the impact of the injunction upon the public interest. Leary, 228 F.3d.at 736; Parker v. U.S. Dep't of Agriculture, 879 F.2d. 1362, 1367 (6th Cir. 1989); Mason County Med. Assoc. v. Knebel, 563 F.2d 256, 261 (6th Cir. 1977). These factors "do not establish a rigid and comprehensive test for determining the appropriateness of preliminary injunctive relief," Frisch's Rest. Inc. v. Shoney's, Inc., 759 F.2d 1261, 1263 (6th Cir. 1984), nor is

any one factor controlling. Gonzales v. National Bd. of Med. Examiners, 225 F.3d 620, 625 (6th Cir. 2000).

At this stage of the proceedings, the Plaintiff's likelihood of success on his claims is no greater than that of the Defendants. The Plaintiff has shown merely a possibility of success on the merits, which is not sufficient to satisfy the first factor. Six Clinics Holding Corp., II v. CAFCOMP Systems, 119 F.3d 393, 407 (6th Cir. 1997). Therefore, the first factor weighs against the Plaintiff.

The second factor also does not favor the Plaintiff. In order to obtain a preliminary injunction, the movant must demonstrate that failure to receive an injunction is likely to result in irreparable harm. Kallstrom v. City of Columbus, 136 F.3d 1055, 1068 (6th Cir. 1998). The harm to a plaintiff "is irreparable if it is not fully compensable by monetary damages." Overstreet v. Lexington-Fayette Urban County Gov't, 305 F.3d 566, 578 (6th Cir. 2002). The Plaintiff has not shown that he has suffered any harm, let alone irreparable harm, or even any likelihood that he will suffer such harm if the requested order is not issued.

The balancing of harms required by the third factor does not weigh significantly in favor of the requested relief, and the Plaintiff has not demonstrated that a public interest would be advanced by the requested relief as is required for the fourth factor. National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club, 372 F.3d 712, 720 n.4 (6th Cir. 2003).

The Plaintiff has failed to meet his burden of showing that the facts and circumstances of this action demand the extraordinary remedy of a preliminary injunction. Overstreet, 305 F.3d at 573.

# RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the Plaintiff's motion for preliminary injunctive relief (Docket Entry No. 65) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge