IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

DAVID MILLS )
)
v. ) NO. 1:10-0015
)
C.C.A., et al. )

TO: Honorable Todd J. Campbell, Chief District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered March 11, 2010 (Docket Entry No. 3), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, for entry of a scheduling order, decision on all pretrial, nondispositive motions, and a report and recommendation on any dispositive motions.

Presently pending before the Court are the motion to dismiss filed by Defendants Reuben Hodge, Gayle Ray, and the Tennessee Department of Correction ("the TDOC Defendants") (Docket Entry No. 46) and the motion for summary judgment filed by Defendants Cherry Lindamood, f/n/u Strickland, Stephanie Pool, Theresa Cogswell, f/n/u Hendrix, Ben Killingsworth, f/n/u Bass, Blair Leibach, f/n/u Brantly, Leigh Kilzer, William Boyd, Rhonald Ulmer, f/n/u Rilley, f/n/u McKintosh, and Corrections Corporation of America ("the CCA Defendants") ( Docket Entry No. 72). The Plaintiff has filed separate responses in opposition to the respective motions. See Docket Entry Nos. 57 and 94-96. For the reasons set out below, the Court recommends that the motions be granted.

## I. BACKGROUND

The Plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") confined at the South Central Correctional Complex ("SCCC"). He filed this action pro se and in forma pauperis on March 9, 2010, seeking relief under 42 U.S.C. § 1983 based upon claims of unconstitutional conditions of confinement and inadequate medical care. He names seventeen (17) TDOC or SCCC employees as defendants, as well as TDOC and Corrections Corporation of America, Inc. ("CCA"), a private business which operates SCCC pursuant to a contract with the State of Tennessee. All defendants but one have been served with process, and a scheduling order (Docket Entry No. 53) has been entered.

The Plaintiff asserts that he was placed in cell HD-210 at the SCCC on December 14, 2009, and that this cell is near an inmate shower area. He alleges that water from the shower area flowed under his cell door and into his cell every Monday, Wednesday, and Friday when the showers were used and that this condition persisted for several weeks without being fixed despite his verbal complaints and written grievances and despite the fact that the problem was common knowledge among prison officials at the SCCC. On January 8, 2010, the Plaintiff fell in his cell hitting his head and injuring his back and face. He contends that he slipped and fell because of the water on his cell floor. He was taken to the prison medical ward where he was examined and treated. After spending the night in the medical ward, he was transferred back to his housing unit and placed in the same cell but was given the top bunk despite his back injury. He asserts that the showers remained unrepaired and water was still flowing into his cell at the time he drafted his complaint on February 3, 2010.

The Plaintiff contends that the constant exposure to the waste water from the showers was unsanitary and harmful to his health and that he was infrequently given anything to use to clean the

water out of his cell or disinfect the cell. In his original complaint, the Plaintiff raised only a claim of negligence. See Docket Entry No. 1. However, he has subsequently amended his complaint to make it clear that he is also raising claims under the Eighth Amendment to the United States Constitution. See Docket Entry Nos. 38 and 52.

## II. MOTION TO DISMISS AND RESPONSE

Defendants Gayle Ray, Reuben Hodge and TDOC seek dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure asserting that the Plaintiff fails to state a claim against them upon which relief can be granted. The argue that: 1) the Plaintiff's negligence claim against them should be dismissed because they have absolute immunity from such a claim in accordance with Tenn. Code Ann. § 9-8-307(h); and (2) the Plaintiff fails to allege facts showing the personal involvement of Defendants Ray and Hodge in any alleged constitutional violation.

In response, the Plaintiff does not address the Defendants' argument that they are absolutely immune from state law negligence claims. With respect to the arguments of Defendant Ray and Hodge that there are no facts alleged which support a constitutional claim against them, the Plaintiff argues that the prison grievances he filed about the problem with water in his cell included appeals to the TDOC Commissioner's Office. He contends that such appeals suffice to show the personal involvement of the two TDOC officials. See Docket Entry No. 57.

## III. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

The CCA Defendants assert that they are entitled to summary judgment. They contend the problem with shower water leaking into the Plaintiff's cell at the SCCC did not rise to the level of

3

an unconstitutional living condition and that, even if it did, prison officials took action to correct the problem and did not act with deliberate indifference to the condition. With respect to the Plaintiff's claim that he was denied constitutionally adequate medical treatment, the CCA Defendants assert that the undisputed evidence shows that the Plaintiff was provided with medical attention on numerous occasions after he fell, negating any conclusion that the Plaintiff was treated with deliberate indifference to his medical condition. In support of their motion, the CCA Defendants rely upon the declaration of Defendant Cherry Lindamood (Docket Entry No. 75) and exhibits attached thereto.

In response, the Plaintiff argues that factual disputes exist which warrant a trial. He contends that there are factual disputes about the dates of the alleged repairs, whether repairs were actually made, the length of time the problem existed, and about what knowledge the CCA Defendants had about the problem. He further disputes any suggestion that the situation with water leaking into his cell was a minor problem. With respect to his medical care claim, the Plaintiff alleges that he had to file several grievances regarding his need for medical care, that actual treatment was often not provided even when he was examined, and that he did not always receive the medications which were ordered for him. In support of his response, the Plaintiff submits his own declaration (Docket Entry No. 96), and copies of prison documents he obtained through discovery (Docket Entry Nos. 94-1 through 94-16).

## IV. STANDARDS OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the

4

complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. _, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000).

Rule 56(a) of the Federal Rule of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." See Smith v. Hudson, 600 F.2d 60, 63 (6th Cir. 1979).

The Court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving

5

party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Chao v. Hall Holding Co., Inc., 338 F.3d 557, 566 (6th Cir. 2003); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989).

Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Id. at 248. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288-89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

## V. ANALYSIS

A. Motion for Summary Judgment

    1. Water Leak Claims

The CCA Defendants support their motion with the declaration of Cherry Lindamood and documents attached thereto. The Court finds no merit in the Plaintiff's argument that the declaration should be stricken because it is not notarized.[1] The Court nonetheless does not view the declaration

---

[1] In a contemporaneously entered order, the Court has denied the Plaintiff's motion to strike (Docket Entry No. 97).

of Lindamood as particularly illuminating concerning the factual issues surrounding the Plaintiff's claims. Although Defendant Lindamood is the SCCC Warden, she does not show her personal knowledge of many of the factual statements she makes concerning the shower water issue. See Docket Entry No. 75, at ¶¶ 2-3 and 6-8. Further, when Defendant Lindamood's declaration is considered along with the Plaintiff's declaration (Docket Entry No. 96), it is apparent that factual disputes exist as to when the water leaks from the shower began, how often and what amount of water leaked into the Plaintiff's cell, how long the water leaks persisted, what efforts were undertaken to clean up any water that leaked into the Plaintiff's cell, and what steps were undertaken to repair the problem.

However, it is unnecessary to resolve these factual disputes at trial because, even if the Court views all evidence in the light most favorable to the Plaintiff and resolves any factual disputes in his favor, the evidence before the Court does not support a constitutional claim that the Plaintiff's Eighth Amendment rights were violated because of water that leaked into his cell. Summary judgment should be granted to the CCA Defendants on this claim. Based upon the evidence that is before the Court, no reasonable jury could find in favor of the Plaintiff on this claim.

Initially, to the extent that the Plaintiff asserts a claim of negligence against the CCA Defendants under 42 U.S.C. § 1983, such a claim warrants dismissal because allegations of negligence cannot support a claim under Section 1983. See Woods v. Lecureux, 110 F.3d 1215, 1222 (6th Cir. 1997).[2]

Similarly, to the extent that the Plaintiff asserts a claim based upon injuries he suffered when he slipped and fell in his cell, such a claim warrants dismissal. Courts have regularly held that slip

---

[2] For discussion of a claim of negligence under state law against any of the named defendants, see infra at 15-16.

and fall accidents do not give rise to federal causes of action. See, e.g., Reynolds v. Powell, 370 F.3d 1028,1031 (10th Cir. 2004) (slippery condition arising from standing water in prison shower was not a condition posing a substantial risk of serious harm as required under the Eighth Amendment, even though inmate was on crutches and had warned prison employees that he was at heightened risk of falling); Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996) ("an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"); Marsh v. Jones, 53 F.3d 707, 711-12 (5th Cir. 1995) (inmate's claim for monetary damages resulting from defendants' failure to warn that a leaking or sweating air conditioning unit made the floor wet was "a garden-variety negligence claim that was not actionable under § 1983"); LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment."). See also Bacon v. Carroll, 232 Fed.Appx. 158, 160, 2007 WL 1244353 (3rd Cir. Apr. 30, 2007) (prisoner's assertion that prison officials failed to warn him of wet floor stated claim of mere negligence and not constitutional violation); Bell v. Ward, 88 Fed. Appx. 125, 127, 2004 WL 260284 (7th Cir. Feb. 6, 2004) (accumulation of water on the floor due to prison officials' oversight shows, at most, that jail officials were negligent); Beasley v. Anderson, 67 Fed. Appx. 242, 2003 WL 21108537 (5th Cir. Apr. 22, 2003) (prisoner's claim that he slipped and fell on slippery shower floor sounded in negligence and was insufficient to allege a constitutional violation); Lefall v. Johnson, 48 Fed. Appx. 104, 2002 WL 31017045 (5th Cir. Aug. 20, 2002) (prisoner's claim that he suffered a back injury after slipping and falling on a wet floor caused by persistent plumbing leaks of which defendants were aware was, at most, a claim of negligence which is not actionable under § 1983); Davis v. Corrections Corp. of Am., 2008 WL 539057 (N.D.Fla. Feb. 22, 2008) (plaintiff's allegations

that he slipped and fell due to water on the floor from a leaking toilet resulting in injury to his leg failed to state an Eighth Amendment violation).

The Plaintiff's Eighth Amendment claim warrants dismissal because the evidence simply does not show that he was subjected to the type of severe conditions of confinement which are required to violate the Eighth Amendment. Under the Eighth Amendment, prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). The Supreme Court in Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), set forth a two-pronged framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. First, a plaintiff must plead facts which, if true, establish that a sufficiently serious deprivation has occurred. Id. Seriousness is measured in response to "contemporary standards of decency." Hudson v. McMilian, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Second, Plaintiff must establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. Id. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

The Plaintiff fails to provide evidence supporting the objective prong of his claim. To satisfy the objective prong, "extreme deprivations are required," Hudson, 503 U.S. at 9, and only grave deprivations of the civilized measure of life's necessities violate the Cruel and Unusual Punishment Clause. Rhodes, supra; Hadix v. Johnson, 367 F.3d 513, 525 (6th Cir. 2004). Even if the Court takes as true the allegations that water flowed from a nearby shower into the Plaintiff's cell three times a week, that this condition occurred for a period of several weeks, and that the water was not promptly

9

cleaned up, these facts simply do not show that he was subjected to the type of extreme deprivation necessary to implicate the Eighth Amendment. The Plaintiff has not set forth evidence showing the intrusion of water into his cell, albeit on a regular and ongoing basis, was anything other than a temporary and tolerable inconvenience. Conditions of confinement that are temporary in nature rarely rise to the level implicating constitutional concern. See Dellis v. Corrections Corp. of Am., 257 F.3d 508, 511 (6th Cir. 2001). Although the Plaintiff complains about the unsanitary nature of the water, he has not set forth any actual evidence showing that the presence of water in his cell resulted in an actual and substantial risk of serious damage to his health. See Farmer, 511 U.S. at 834; Helling v. McKinney, 509 U.S. 25, 36, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).

While the intrusion of water from the shower area into the Plaintiff's cell may have been a nuisance or unpleasant, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987). The Eighth Amendment is not violated by prison conditions which are restrictive or even harsh as such conditions are merely "part of the penalty that criminal offenders pay for their offenses against society." Rhodes, 452 U.S. at 347. The Court notes that other courts have often found that the intrusion of water into a prison cell does not satisfy the objective part of an Eighth Amendment claim. See Smith v. Melvin, 1996 WL 467658 (7th Cir. July 26, 1996) (leaking toilet causing standing water on cell floor was not an extreme deprivation); Forde v. Fischer, 2009 WL 5174650 (D.N.J. Dec. 16, 2009) (inmate housed for two months in cell in which rainwater collected was not subjected to unconstitutional conditions of confinement); Santiago v. Guarini, 2004 WL 2137822 (E.D. Pa. Sept. 20, 2004) (leaking water from a toilet and sink that pooled on a cell floor did not violate the Eighth Amendment); Wilson v.

Schomig, 863 F.Supp. 789, 794-95 (N.D. Ill. 1994) (water leaking into in the plaintiff's cell during rainstorms was "not sufficiently serious" to violate the Eighth Amendment).[3]

### 2. Inadequate Medical Care Claim

The Plaintiff's medical records (attachments to Docket Entry No. 75) undisputedly show that the Plaintiff was not ignored and was in fact provided with a measure of treatment for his injury. He was promptly seen by medical care providers after his injury, was provided with an injection and medications that day, and was kept in the medical ward overnight for observation. See Docket Entry No. 75, at 6 and 8-9. The medical records further show that he was seen by medical care providers a total of thirteen times between January 12, 2010, and April 3, 2010, and that four orders were subsequently written for him to receive over-the-counter pain medication. Id. at 6-7 and 10-13.

The Plaintiff contends that he had to fill out numerous sick call requests in order to be seen by the medical care providers, that "proper actions" were not taken when he was seen by the medical care providers, and that he was often not given the medications[4] that were ordered for him. See Plaintiff's Declaration (Docket Entry No. 96), at ¶¶ 11-17.

After review of the evidence before the Court and the entire record in the action, the Court finds that summary judgment should be granted to the CCA Defendants. While the evidence shows that the Plaintiff suffered from medical needs related to his fall that were serious enough to satisfy

---

[3] Because the Court finds that there is insufficient evidence before the Court upon which a reasonable jury could find in favor of the Plaintiff on the objective prong of his Eighth Amendment conditions of confinement claim, it is unnecessary to address the CCA Defendants' argument that there is also no evidence of deliberate indifference on their part.

[4] The Plaintiff does not allege that he was totally denied the ordered medications, but merely that the medications were often not provided to him. In his Complaint, he sets out the specific dates when he was or was not provided with medication. See Complaint (Docket Entry No. 1) at 18-19.

11

the objective component of his claim, there is insufficient evidence before the Court raising a genuine issue of material fact on the issue of deliberate indifference on the part of the CCA Defendants. No reasonable jury could find in favor of the Plaintiff if this claim were to proceed to trial.

The evidence as set out above is undisputed and shows that the Plaintiff received constitutionally adequate medical treatment. His complaints essentially amount to displeasure with the manner or adequacy of the course of treatment he received at the SCCC. When a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law, Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976), and it is well-settled that neither negligence nor medical malpractice will support a constitutional claim. See Estelle, 429 U.S. at 106; Walker v. Norris, 917 F.2d 1449, 1454 (6th Cir. 1990); Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985). Although the care the Plaintiff received may not have been as thorough or as attentive as he may have received had he not been incarcerated and sought treatment on his own from private medical care providers, the Eighth Amendment does not guarantee that a prison inmate receive the "optimum or best medical treatment." McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978); Ruiz v. Estelle, 679 F.2d 1115, 1149 (5th Cir. 1982). The facts before the Court simply do not support a claim that the medical care rendered to the Plaintiff was so deficient that it amounted to cruel and unusual punishment in violation of the Eight Amendment.

### 3. Claims against Defendant Clark

Process for Defendant Chris Clark was returned unexecuted with the notation "unclaimed." See Docket Entry No. 41. The Plaintiff has not sought to have process re-issued to Clark at an

alternative address. Accordingly, dismissal of this defendant under Rule 4(m) of the Federal Rules of Civil Procedure would be appropriate. As set out infra, however, the Plaintiff's underlying Section 1983 claims warrant dismissal on their merits and, thus, dismissal of the claims as against Clark would likewise be warranted even if he had been served and joined in the motion for summary judgment.

B. Motion to Dismiss

The motion to dismiss filed by Defendants Gayle Ray, Reuben Hodge, and the TDOC should be granted and these defendants should be dismissed from the action.

As set out infra, the Court finds that the Plaintiff's underlying Section 1983 claims warrant dismissal for lack of evidentiary support showing that a constitutional violation occurred. Accordingly, any claims against Ray, Hodge, and TDOC brought under Section 1983 would concomitantly also warrant dismissal since such claims are merely derivative of the Plaintiff's underlying constitutional claims.

Furthermore, Defendants Ray and Hodge are correct that there is no evidence showing their personal involvement in the alleged constitutional violations. It is well-settled that a defendant cannot be held liable under 42 U.S.C. § 1983 for alleged constitutional violations absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct. Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992). The Plaintiff must show that the defendant personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct. Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), cert. denied, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d

13

988 (2000); Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989). The Plaintiff has not satisfied this requirement.

While appeals of prison grievances filed by the Plaintiff were forwarded to the offices of the two defendants, who are the TDOC Commissioner and Assistant Commissioner, respectively, the involvement of Defendants Ray and Hodge in deciding grievance appeals is not sufficient, in and of itself, to support a claim of personal liability under Section 1983. See Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984); Garrido v. Coughlin, 716 F. Supp. 98, 100 (S.D.N.Y. 1989). If institutional appeals received by prison officials trigger a duty to investigate and can form the basis for constitutional liability if the responding official does not overturn the underlying wrong complained about in the appeals, then TDOC administrators would essentially become liable for all acts committed within the TDOC system that are the subject of an institutional appeal. Such a scenario is nothing less than liability based on respondeat superior, which is not a basis for liability under 42 U.S.C. § 1983. Rizzo, supra. See also Henry v. Pogats, 35 F.3d 565, 1994 WL 462129 (6th Cir. Aug. 25, 1994) (unpublished) ("A combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983.").

To the extent that the Plaintiff sues Defendants Ray and Hodge in their official capacities and also names the TDOC as a defendant, such claims clearly warrant dismissal. The Eleventh Amendment bars a plaintiff from suing a state, a state agency, or any of its employees in their official capacities for monetary damages on civil rights claims, Turker v. Ohio Dept. of Rehabilitation and Corrections, 157 F.3d 453, 456 (6th Cir. 1998), and neither a State nor its officials acting in their official capacities are "persons" under Section 1983. Will v. Michigan Dept. of State Police, 491

U.S. 58, 109 S.Ct. 2304, 2311-12, 105 L.Ed.2d 45 (1989); Hardin v. Straub, 954 F.2d 1193, 1198 (6th Cir. 1992).

C. State Law Claim

Finally, to the extent that the Plaintiff asserts a claim for negligence under state law against the TDOC Defendants or the CCA Defendants, the Court should decline to exercise jurisdiction over such a claim. With the dismissal of the Plaintiff's Section 1983 claims, the Court no longer has original jurisdiction over any claims brought by the Plaintiff and the provisions of 28 U.S.C. § 1367(c) apply. This section provides that:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection(a) if --
>
> . . . .
>
> (3) the district court has dismissed all claims over which it has original jurisdiction,

The decision of whether to retain jurisdiction over state law claims upon the dismissal of the federal law claims asserted in an action is left to the broad discretion of the Court. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350-52, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1254 (6th Cir. 1996). In considering whether to continue to exercise supplemental jurisdiction over such state law claims, the Court must consider the provisions of Section 1367(c) and the factors the United States Supreme Court outlined in Cohill, 484 U.S. at 350-51, and United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). These factors include judicial economy, convenience, fairness, and comity. Cohill, 484 U.S. at 350. Although not mandatory or absolute, the general rule is to decline to exercise jurisdiction over supplemental state law claims when all federal claims are eliminated from a case

15

before trial. Musson, 89 F.3d at 1254-55 (gathering cases from the Sixth Circuit Court of Appeals that follow the general rule). In the instant action, the balance of factors weighs in favor of dismissal of Plaintiff's state law claim without prejudice so it can be pursued in the state courts if he so wishes.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the motion to dismiss filed by Defendants Reuben Hodge, Gayle Ray, and the Tennessee Department of Correction (Docket Entry No. 46) be GRANTED;

2) the motion for summary judgment filed by Defendants Cherry Lindamood, f/n/u Strickland, Stephanie Pool, Theresa Cogswell, f/n/u Hendrix, Ben Killingsworth, f/n/u Bass, Blair Leibach, f/n/u Brantly, Leigh Kilzer, William Boyd, Rhonald Ulmer, f/n/u Rilley, f/n/u McKintosh, and Corrections Corporation of America ( Docket Entry No. 72) be GRANTED;

3) the claims against Defendant Clark should be DISMISSED pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and for the same reasons as the claims against the other CCA Defendants should be dismissed ; and

4) all claims in this action be DISMISSED WITH PREJUDICE except for the Plaintiff's state law claims for negligence which are DISMISSED WITHOUT PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See

Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,

        */s/ Juliet Griffin*
        JULIET GRIFFIN
        United States Magistrate Judge