IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

DAVID MILLS )
)
v. ) NO. 1:10-0015
)
CORRECTIONS CORPORATION OF )
AMERICA, et al. )

**O R D E R**

On January 4, 2011, this prisoner civil rights action was dismissed by the Court and judgment was entered. See Docket Entry Nos. 108 and 109. On January 28, 2011, the Clerk received a letter from the pro se plaintiff which stated:

> My name is David Mills, #381853, case number 1:10-00015, and I am writing you, because I would like to request an "appeal" paper, so that I can begin the appeal process, concerning my case.

See Docket Entry No. 116. The plaintiff thereafter filed a form notice of appeal on February 15, 2011, which was received by the District Court and docketed on February 17, 2011. See Docket Entry No. 117.

On August 2, 2011, the Sixth Circuit Court of Appeals dismissed the plaintiff's appeal finding that the notice of appeal filed February 15, 2011, was not timely filed under Rule 4(a) of the Federal Rules of Appellate Procedure. See Docket Entry No. 126. The Sixth Circuit further ordered that the district court review the letter the plaintiff filed on January 28, 2011, to determine whether it should be filed as a notice of appeal. Id. By Order entered August 4, 2011 (Docket Entry No. 127), the case was referred to the Magistrate Judge to make this determination.

Rule 3(c)(1) of the Federal Rules of Appellate Procedure requires that a notice of appeal contain: 1) the party taking the appeal; 2) the judgment, order, or part thereof being appealed; and

3) the name of the court to which the appeal is taken. Although the requirement of filing a notice of appeal that complies with Rule 3(c)(1) has been deemed mandatory and jurisdictional, Torres v. Oakland Scavenger Co., 487 U.S. 312, 317, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), Rule 3(c)(4) specifically provides that an "appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice."

Further, the requirements of Rule 3 are to be liberally construed, Smith v. Barry, 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992), and courts have routinely found that filings which do not strictly comply with Rule 3(c)(1) nonetheless satisfy the rule and suffice as a notice of appeal if the filing clearly evidences an intent to appeal and is functionally equivalent to a notice of appeal. See Smith, supra (pro se litigant's filing of a brief satisfied Rule 3 requirements); U.S. v. Terrell, 345 Fed. Appx., 2009 WL 2762745 (6th Cir. Sept. 2, 2009) (finding compliance with requirement of Rule 3(c)(1)(B)); Dillon v. U.S., 184 F.3d 556, 558 (6th Cir. 1999) (finding compliance with requirement of Rule 3(c)(1)(C)); Brannan v. United States, 993 F.2d 709, 710 (9th Cir. 1993) (letter to the court was construed as a notice of appeal where it evidenced defendant's desire to appeal his sentence); McMillan v. Barksdale, 823 F.2d 981, 983 (6th Cir.1987) (request from a pro se and incarcerated plaintiff for a certificate of probable cause satisfies Rule 3). [1]

---

[1] A pro se plaintiff's failure to comply with the signature requirement of Rule 11 is likewise not a fatal defect if lacking in a notice of appeal. Becker v. Montgomery, 532 U.S. 757, 121 S.Ct. 1801, 149 L.Ed.2d 983 (2001).

Additionally, it is well-settled that filings made by pro se litigants should be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Owens v. Keeling, 461 F.3d 763, 776 (6th Cir. 2006).

The January 28, 2011, letter filed by the pro se and incarcerated plaintiff in this action contained his name, his case number, and stated his desire to begin the appeal process in his case. Although the plaintiff did not designate the judgment being appealed in accord with Rule 3(c)(1)(B), the letter clearly provided notice of an intent to appeal the dismissal of his case. Accordingly, in light of the above precedents, the Court finds that the letter constitutes the functional equivalent of a notice of appeal and should thus be deemed to be a notice of appeal in satisfaction of Rule 3 of the Federal Rules of Appellate Procedure.

The Clerk shall take the appropriate action pursuant to Rule 3(d) as if the plaintiff's January 28, 2011, letter had been styled as a Notice of Appeal.

Unless otherwise directed by the Court, there will be no further proceedings before or matters addressed by the Magistrate Judge in this case.

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal. See Rule 72.02(b) of the Local Rules of Court.

So ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge